NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JENNIFER L. CADWELL, | ) | CASE NO.3:20-CV-02317 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action by Jennifer Cadwell under 42 U.S.C. §405(g) seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Caldwell's 2018 application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5]

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Jeffrey J. Helmick in a non-document order entered October 30, 2020.
[2] ECF No. 1.
[3] ECF No. 12.
[4] ECF No. 13.
[5] ECF No. 6.

and procedural[6] orders, the parties have briefed their positions[7] and filed fact sheets and charts.[8] The parties have met and conferred with the goal of reducing or clarifying the issues[9] and have participated in a telephonic oral argument.[10]

For the following reasons, the decision of the Commissioner will be affirmed.

## Facts

Caldwell, who was 50 years old on the alleged disability onset date in 2018,[11] has a GED[12] and lives with her boyfriend,[13] as well as her 26-year-old daughter and three-year-old grandson.[14] Her past relevant work was an assembler and inspector, both performed as light work.[15] Of some relevance here, she was 5'9" tall and weighed 390 pounds at the time of the hearing.[16]

The ALJ found that she had the following severe impairments: degenerative disc disease, lumbar and cervical spine with radiculopathy; obesity; tarsal tunnel; tendinitis; bursitis; degenerative joint disease; arthritis; venous insufficiency; varicose veins; peripheral neuropathy/brachial neuritis; lymphedema; enthesopathy of the hip region; and

---

[6] ECF No. 14.
[7] ECF Nos. 15 (Caldwell), 18 (Commissioner), 19 (Caldwell reply).
[8] ECF Nos. 15, Attachments (Caldwell), 19 (Commissioner).
[9] ECF No. 20.
[10] ECF No. 23.
[11] Tr. at 85.
[12] *Id*. at 222.
[13] *Id*. at 50.
[14] *Id*. at 52.
[15] *Id*. at 36.
[16] *Id*. at 27.

fibromyalgia.[17] The ALJ then determined that Caldwell does not have an impairment or combination of impairments that meets or medically equals a listing, paying special attention to Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), 4.11 (chronic venous insufficiency) and 11.14 (peripheral neuropathy).[18] In that regard, the ALJ notes, without further elaboration, that Caldwell's obesity was considered and that her obesity, whether alone or in combination with other impairments, did not "give[] rise to a condition of listing-level severity."[19]

The ALJ then discussed: (1) Caldwell's own testimony and her Adult Disability Report;[20] (2) six separate MRIs and EMGs over the period from 2008 to 2016;[21] (3) treatment notes and/or opinions from a total of 28 visits to nine separate providers over the period of 2017 to 2019;[22] and (4) two opinions from state agency reviewers.[23] Of those opinions assessed for persuasiveness, the ALJ found a September 2018 opinion from one-time examining physician Dr. Barry Zadeh, M.D. to be persuasive[24] and the opinions of the state agency reviewers to be "very persuasive."[25] On the other hand, the ALJ found the

---

[17] *Id.* at 25. The ALJ also found Morton's neuroma and anemia as non-severe impairments. *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.* at 27-28.
[21] *Id.* at 28. I note here that Caldwell has identified 10 medical tests in her fact charts. ECF No. 15, Attachment 2 at 13 (citing transcript).
[22] *Id.* at 29-35.
[23] *Id.* at 33, citing tr. 93-95 (October 2018) and 106-08 (January 2019).
[24] *Id.* at 33.
[25] *Id.* at 35.

October 2018 opinion[26] of Dr. Kareem Dolce, DPM, to be unpersuasive because it stated a view on Caldwell's ability to work, which issue is reserved to the Commissioner, and further found that a November 2018 note from Jacqueline Grazina, CNP – if such a statement is "considered to be an opinion indicating the claimant's inability to work" – is also unpersuasive.[27]

From that record, he ALJ found that, in general, Caldwell has an RFC to perform light work with certain limitations, such as needing a six-inch stool to elevate her lower extremities and having a sit/stand option at the workstation to change positions for two minutes while remaining on task 92 percent of the workday.[28] She then further found that Caldwell was capable of performing her past relevant work as an assembler or inspector.[29] Alternatively, and with the testimony of a VE, the ALJ found that Caldwell could perform the functions of machine operator, vending machine attendant and teacher's aid[30] (*sic*) and that a significant number of jobs existed in all these occupations in the national economy.[31]

---

[26] *Id*. at 33, citing *id*. at 710-12
[27] *Id*. at 33. Neither Caldwell nor the Commissioner list CNP Graziana in their fact sheets as a provider. The ALJ, however, does cite to Exhibit 8F/1-5, *id*., which appears to be to follow-up examination for pain where existing pain medications were increased. *Id*. at 698-99.
[28] *Id*. at 26.
[29] *Id*. at 36.
[30] The Commissioner in her brief concedes that the ALJ wrongly included teacher's aide as an occupation Caldwell could perform. ECF No. 18 at 4, fn.4.
[31] Tr. at 37.

Therefore, Caldwell was found not disabled.[32]

## Analysis

I note initially that this matter is evaluated under the well-established substantial evidence standard which need not be restated. Further, the opinion evidence is evaluated under the newer rubric that assesses such evidence for persuasiveness.

The essential question here arises over the effect of Caldwell's obesity on her knee pain. Caldwell, for her part, notes that 2018 x-rays of both knees show severe, bone-on-bone degenerative changes in the left knee and moderately severe degenerative changes in the right.[33] She also points to a 2018 MRI that documented disc protrusion at L5-S1 on top of previously documented degenerative disc disease,[34] which condition was recognized as a severe impairment.[35] She further relies on her own testimony that standing at work causes significant pain.[36]

Most importantly, she argues that the opinion of her treating orthopedist, Dr. Shine, is that she requires knee replacement surgery, but, because of her obesity, that surgery is "contraindicate[ed]."[37] Dr. Shine's opinion was not specifically discussed by the ALJ.

---

[32] *Id*. at 38.
[33] *Id*. at 566.
[34] *Id*. at 451-591.
[35] *Id*. at 25.
[36] *Id*. at 461.
[37] *Id*. at 567.

For her part, the Commissioner contends first that the ALJ properly evaluated Caldwell's subjective symptoms, in light of relatively conservative treatment - pain levels averaging between 4-5 which improved with medication and no acute distress, ability to walk with a normal gait and normal strength – and Caldwell's daily activities.[38] The Commissioner notes in that regard that a claimant is not required to be pain-free in order to be found not disabled.[39] Moreover, as then Magistrate Judge Ruiz also noted on *Harris*, it is reasonable to consider a claimant's daily activities when assessing the severity of pain.[40]

Next, as to Dr. Shine's opinion, the Commissioner maintains that the ALJ was not required to address it since, under the applicable regulations, a medical opinion has been defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions."[41] In *R.R.B. v. Commissioner*,[42] the court considered whether the treatment records of the claimant's treating physician rose to the level of a medical opinion under the regulation.[43] While pronouncing it "a close call," the court decided that the records qualified as a medical opinion that needed to considered under the regulations because the physician

---

[38] *Id*. at 27-36; see also ECF No. 18 at 8-11 (citing transcript).
[39] ECF No. 18 at 12, citing *Harris v. Comm'r*, 2018 WL 4510111, at *8 (N.D. Ohio Sept. 20, 2018).
[40] *Harris*, 2018 WL 4510111, at *8 (citations omitted).
[41] 20 CFR §404.1513(a)(2).
[42] 2019 WL 8160986 (Nov. 21, 2019).
[43] *Id*. at *7.

included language that the claimant was "unable to work" because of her documented mental limitations.[44]

Here, Dr. Shine's opinion contains no work-related or functional opinions. As such, I find no error arising from the ALJ not directly addressing this. I also note that a November 2017 treatment note from Dr. David Pocos, D.O., who is affiliated with Dr. Shine, acknowledges that Caldwell is a "poor candidate" for knee replacement due to her obesity and her heavy nicotine dependence, he will "not continue" to write her a doctor's excuse for missed work.[45] As Dr. Shine observed a few months later, the primary recommendation is for "weight management."[46]

Finally, the Commissioner points out that the RFC here is supported by the substantial evidence of the state agency reviewers, who addressed Caldwell's obesity in formulating their opinions.[47]

## Conclusion

For the reasons stated, the decision of the Commissioner denying Jennifer L. Caldwell's application for benefits is affirmed.

IT IS SO ORDERED.

Dated: March 30, 2022

Signed by:
 s/William H. Baughman Jr.

---

[44] *Id.* at ** 6-7.
[45] Tr. at 568-70.
[46] *Id.* at 565.
[47] *See,* ECF No. 18 at 7-8.

                                                              United States Magistrate Judge